## George W. Sisson, Defendant in Error, v. Eagle Packet Company, Plaintiff in Error.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence where not clearly and manifestly so.

Action commenced before justice of the peace. Error to the Circuit Court of Scott county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 20, 1911.

J. M. RIGGS, for plaintiff in error.

F. C. FUNK and J. A. WARREN, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The plaintiff brought suit against the defendant in attachment, before a justice of the peace. In the circuit court, where the cause was taken on appeal, judgment was rendered upon the verdict of a jury in favor of the plaintiff for $14.77 and costs. The defendant appeals.

The evidence shows that the plaintiff placed in pens on the wharf at Naples, thirty-nine hogs, for shipment upon the Bald Eagle, one of the defendant's steamboats; that at the same time several other persons placed other lots of hogs in other pens for the same purpose; that when said hogs were being loaded upon the boat by the servants of the defendant, one of them escaped, and in the endeavor to recover the same it became so heated that it died shortly after being captured. The evidence further discloses that the hog in question was not one of the lot belonging to the plaintiff, but was one of those owned by one Merriman.

It is insisted by the defendant that the verdict and judgment were unwarranted for the reason that Merriman was guilty of contributory negligence in shipping his fat hogs during the excessively hot weather then existing, and further, that inasmuch as the hog was the property of Merriman and not of the plaintiff, the latter cannot sustain this action. We think the jury were warranted in finding, under the evidence, that the plaintiff had such a qualified or special property in the hog as to warrant a recovery by him for the loss thereof. Merriman testified that he authorized the plaintiff to ship the hogs to market the same as his own, to care for them and to account to him for the returns

when they were sold; and further, that he made no claim against the defendant for the loss of the hog. In this he is corroborated by the defendant. The mere fact that the hogs were kept in separate pens both at Naples and while on the boat, we do not think is sufficient to warrant our disturbing the finding of the jury upon this question. Whether the death of the hog was caused by the negligence of the defendant, or solely or in part by the negligence of the plaintiff or Merriman, were also questions of fact, and the findings of the jury not being clearly unwarranted, we are not at liberty to disturb the same.

We find no prejudicial error in the rulings of the court upon the admissibility of evidence or the instructions.

The judgment is affirmed.

*Affirmed.*